IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILL AARON HUNT,

      Petitioner,

v.

STATE OF OREGON AND
BAKER COUNTY,

      Respondents.

Civil No. 2:13-cv-01821-BR

OPINION AND ORDER

MICHELLE M. SWEET
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus (#29).

## BACKGROUND

On November 2, 2005, a Baker County grand jury indicted Petitioner on one charge of Sexual Abuse in the First Degree. Resp. Exh. 102. The cased was tried to a jury, and on March 16, 2006, the jury found Petitioner guilty as charged. Resp. Exh. 110.

Petitioner filed a direct appeal, but moved to voluntarily dismiss the appeal before the Oregon Court of Appeals ruled on any appellate claims. Resp. Exh. 103. The Oregon Court of Appeals granted Petitioner's motion on February 5, 2007. Resp. Exh. 103.

On January 21, 2009, Petitioner signed a petition for state post-conviction relief ("PCR"). Resp. Exh. 104. Following an evidentiary hearing, the PCR trial court denied relief. Resp. Exh. 117. Petitioner appealed, but the Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Resp. Exh. 125. The appellate judgment in the PCR proceeding issued on June 5, 2013. Resp. Exh. 125.

On October 10, 2013, Petitioner signed a *pro se* Petition for Writ of Habeas Corpus, which was filed in this Court on October 13, 2013. The Court appointed counsel to represent Petitioner,

2 - OPINION AND ORDER -

and on July 25, 2014, counsel filed an Amended Petition for Writ of Habeas Corpus on Petitioner's behalf.

Respondent argues that both the original and amended petitions were not timely filed under 28 U.S.C. § 2244(d). Petitioner does not dispute that his initial habeas petition was untimely, but argues his failure to file within the § 2244(d) limitation period should be excused because he is actually innocent.

## DISCUSSION

The parties do not dispute that petitioner did not timely file his federal habeas petition, and they are correct. The Anti-terrorism and Effective Death Penalty Act ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); *Lee v. Lampert*, 610 F.3d 1125, 1127 (9th Cir. 2010). However, time elapsed after the direct appeal is final and before state PCR filing, as well as time after final collateral disposition and before federal filing

3 - OPINION AND ORDER -

counts against the year. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

Here, between the date on which direct review concluded and the date Petitioner signed the state PCR petition, 716 days accrued. Then, between the date on which the appellate judgment issued in the PCR proceeding and the date Petitioner signed his federal habeas petition, an addition 127 days accrued. In sum, Petitioner waited 843 days before seeking federal habeas relief, far exceeding the 356 day limit under 28 U.S.C. § 2244(d)(1). Accordingly, Petitioner's federal habeas petition is untimely.

As noted, Petitioner maintains that despite the untimeliness of his federal habeas petition, the Court should nevertheless reach the merits of his claims because he can make a showing of actual innocence. In support of his claim of actual innocence, Petitioner relies on results from a polygraph examination he underwent seven years after his conviction upon his release from physical custody to post-prison supervision.

To avoid a miscarriage of justice, the limitation period established in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted

4 - OPINION AND ORDER -

him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316). The exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

In assessing the adequacy of a petitioner's showing of actual innocence, "the district court is not bound by the rules of admissibility that would govern at trial." *Schlup*, 513 U.S. at 327. Polygraph evidence, however, lacks credibility. *See Brown v. Darcy*, 783 F.2d 1389, 1391 (9th Cir. 1986); *United States v. Cordoba*, 104 F.3d 225, 227-28 (9th Cir. 1997). As such, polygraph evidence is not the type of "new reliable evidence" envisioned by the *Schlup* court. *Cortes v. Mills*, 2011 WL 6965804 *5 (D. Or., July 18, 2011). "Assuming a polygraph has some probative value, it cannot, standing on its own, prove that petitioner is actually innocent." *Id.* (citing *Hatch v. Lambert*, 215 Fed. Appx. 614 (9th Cir. 2006) (additional citation omitted).

5 - OPINION AND ORDER -

In light of all of the evidence presented at Petitioner's trial, including the testimony of the victim and incriminating statements Petitioner made to the police, Petitioner has not established any plausible likelihood that no reasonable juror would have found him guilty solely because he passed a polygraph test. Accordingly, Petitioner has not established actual innocence to excuse the untimeliness of his habeas petition under § 2244(d).

## CONCLUSION

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus (#29) and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 24th day of September, 2014.

_____
ANNA J. BROWN
United States District Judge